# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PRESTON J BLAKE,

    Plaintiff,

vs.                                    No. 19-cv-618 MV/KK

NEW MEXICO DEPARTMENT OF CORRECTIONS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Pro Se* Prisoner Civil Rights Complaint (Doc. 1). Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff contends that prison officials failed to protect him from attack and were deliberately indifferent to his medical needs. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will grant the Motion, dismiss the Complaint, and grant leave to amend.

## I. Background[1]

Plaintiff was previously incarcerated at the Lea County Correctional Facility (LCCF). (Doc. 1 at 1). In 2016, he was placed in protective custody. *Id.* at 2. However, within six weeks, prison officials transferred him to general population. *Id.* This placed his life at risk, as many inmates target informants and other individuals who spent time in protective custody. *Id.* On October 4, 2017, inmates assaulted Plaintiff in his cell. *Id.* He suffered a severe concussion, dizziness, and headaches. *Id.* When officers found Plaintiff, they placed him in segregation

---

[1] The background facts are taken from Plaintiff's Complaint (Doc. 1). For the purpose of this ruling, the Court assumes Plaintiff's allegations are true.

without providing medical care. *Id.* Prison officials informed Plaintiff that he would be placed back in LCCF's general population, so he did something "serious" to get transferred to another prison. *Id.*

In 2017 or 2018, Plaintiff was transferred to Southern New Mexico Correctional Facility (SNMCF). *Id.* at 3. Prison officials again placed him in the general population. *Id.* Other inmates threatened him, but security officers, unit managers, and wardens dismissed his concerns. *Id.* On September 4, 2018, Plaintiff was assaulted for the second time. *Id.* This assault was in "clear view," and SNMCF officials allowed the assault to go on until the assailants grew tired. *Id.* Plaintiff later learned that the assault was a "random hit" by a white gang leader named Skin. *Id.* Like the LCCF guards, SNMCF officials placed Plaintiff in a segregation cell without providing medical care. *Id.* Eventually, Plaintiff was transferred back to a protective custody unit, presumably at LCCF, where he is currently incarcerated. However, he lost good time credits as a result of the assaults, which were classified as fights. *Id.*

Plaintiff filed his Civil Rights Complaint (Doc. 1) on July 5, 2019. The Complaint appears to name six Defendants: (1) the New Mexico Department of Corrections (NMDOC); (2) John/Jane Doe Wardens; (3) GEO Group; (4) SNMCF; (5) Guadalupe County Correctional Facility (GCCF); and (6) LCCF. (Doc. 1 at 1). Plaintiff seeks unspecified money damages under 42 U.S.C. § 1983, the Eighth Amendment, and the Due Process Clause.

## II. *In Forma Pauperis* Motion

As an initial matter, Plaintiff seeks to prosecute this case without prepaying the $400 filing fee. Plaintiff's financial information reflects that he is unable to prepay that amount. The Court will therefore grant the *In Forma Pauperis* Motion (Doc. 2), which reduces the fee to $350.00, and

allow Plaintiff to pay in installments. 28 U.S.C. § 1915(b)(1). Ordinarily, Plaintiff would be required to make an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint…" *Id.* However, because Plaintiff only receives about $20 a year, the Court will waive the initial partial payment. *See* 28 U.S.C. § 1915(b)(1), (2). Plaintiff is reminded that he must still pay the $350.00 filing fee at a later time and must make monthly payments equal to 20% of the preceding month's income credited to his inmate account. *See* 28 U.S.C. § 1915(b)(2).

### III. Standard of Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. If the court

can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, ... confusion of various legal theories, ... poor syntax and sentence construction, or ... unfamiliarity with pleading requirements." *Id.* Further, if the initial pleading is defective, *pro se* plaintiffs should be given a reasonable opportunity to file an amended pleading, unless amendment would be futile. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall,* 935 F.2d at 1109.

## IV. Analysis

The factual scenario that Plaintiff describes - where prison guards allowed other inmates to attack him and then refused to provide medical care - would ordinarily survive initial review under § 1915(e). However, the Complaint does not name a defendant who is subject to liability. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees,* 215 F.3d 1168, 1172 (10th Cir. 2000). "[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under §1983." *Buchanan v. Okla.,* 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). *See also Blackburn v. Dep't of Corr.,* 172 F.3d 62 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983"). The detention-facility defendants (NMDOC; SNMCF; GCCF; and LCCF) are therefore not proper parties in this suit.

The claims against the Wardens and GEO Group also fail because there is no evidence that the constitutional violation stemmed from any official policy. *See Moya v. Garcia,* 895 F.3d 1229 (10th Cir. 2018). To succeed on a § 1983 claim against a warden or supervisor, the plaintiff must show that "the defendant 'promulgated, created, implemented, or possessed responsibility for the

continued operation of a policy that ... caused the complained of constitutional harm' and 'acted with the state of mind required to establish the alleged constitutional deprivation.'" A similar rule applies to entity defendants. To be liable under § 1983, the entity must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Plaintiff has not named any individual supervisors, and it does not appear any Defendant acted pursuant to a specific policy.

For these reasons, the Court will dismiss the Complaint but permit Plaintiff to file an amended complaint within 60 days of entry of this Order. When naming the defendants, Plaintiff should "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Plaintiff should identify the individuals who were personally involved in: (1) his housing placement; (2) allowing the attacks; and/or (3) the alleged deprivation of medical care. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED;** and the initial partial payment is **WAIVED.**

**IT IS FURTHER ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915; and Plaintiff may file an amended complaint within thirty (60) days after being served with a copy of this order.

_____
HON. MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE